IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Civil Action No. _____

| | | |
|---|---|---|
| Asia Grimmage Richardson, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | **COMPLAINT** |
| vs | ) | |
| | ) | **JURY TRIAL REQUEST** |
| STG DRAYAGE, LLC and | ) | |
| STG LOGISTICS, INC., | ) | |
| *Defendants*. | | |

**I. INTRODUCTION**

1. Plaintiff Asia Grimmage-Richardson, a Black female and the sole Black female owner-operator at her terminal, brings this action against STG Drayage, LLC and STG Logistics, Inc. (collectively, "Defendants" or "STG") for breach of contract, fraudulent misrepresentation, unjust enrichment, retaliation, and egregious discrimination based on race and gender.

2. Plaintiff's wrongful termination under a fabricated policy, coupled with Defendants' retaliatory and discriminatory motives, has left her financially devastated and emotionally shattered. This injustice occurred during a time of profound personal hardship, as Plaintiff's husband had recently been laid off, leaving her family in a state of financial and emotional vulnerability.

3. Defendants' actions were not only unlawful but also cruel, calculated, and indifferent to the human toll inflicted on Plaintiff and her family.

4. Plaintiff seeks damages for lost wages, wrongful withholding of escrow funds, emotional distress, and punitive damages for Defendants' willful and malicious conduct.

Plaintiff also seeks declaratory relief to expose and rectify Defendants' unlawful practices. Plaintiff reserves the right to amend this Complaint to include claims for employment discrimination under Title VII and the South Carolina Human Affairs Law upon receipt of a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC).

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims arising under federal law, including Title VII of the Civil Rights Act of 1964, as amended.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct business in South Carolina, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## III. PARTIES

8. Plaintiff Asia Grimmage-Richardson is a resident of Georgetown County, South Carolina. At all relevant times, she worked as an independent contractor for STG Drayage, LLC, providing transportation and logistics services. Plaintiff is a Black female and was the only Black female owner-operator at the Charleston drayage terminal.

9. Defendant STG Drayage, LLC is a trucking and logistics company operating in multiple states, including South Carolina. It maintains a terminal at 472 Long Point Road, Mt. Pleasant, South Carolina 29492.

10. Defendant STG Logistics, Inc. is the parent company of STG Drayage, LLC. It exercises control over STG Drayage's policies, contracts, personnel decisions, and disciplinary procedures. Upon information and belief, STG Logistics, Inc. is headquartered at 5165 Emerald Parkway, Dublin, Ohio 43017.

## IV. FACTUAL BACKGROUND

### A. Plaintiff's Exemplary Record and Vulnerable Circumstances

11. Plaintiff had an unblemished driving record and had never been stopped for a roadside inspection prior to January 29, 2025.
12. Plaintiff's termination occurred during a time of immense personal hardship, as her husband had recently been laid off, leaving her family entirely dependent on her income for survival.
13. Plaintiff's role as the sole Black female owner-operator at her terminal made her uniquely vulnerable to discriminatory treatment and retaliation by Defendants, who were aware of her marginalized status and subjected her to harsher scrutiny and unjustified actions.

### B. The Fabricated "50-Point" Policy and Retaliatory Termination

14. On January 29, 2025, Plaintiff was pulled over for her first-ever roadside inspection. Shortly thereafter, she received a text message from Defendants terminating her under an alleged "50-point" policy.
15. Plaintiff was never informed of such a policy prior to her termination and was only aware of an existing 75-point policy that was far less stringent.
16. When Plaintiff requested written documentation of this "50-point" policy, Defendants failed to provide any, revealing the pretext for her wrongful termination.
17. On January 30, 2025, Plaintiff was locked out of STG's work system, preventing her from accepting assignments and exacerbating her financial distress.
18. On January 31, 2025, Plaintiff was required to complete a training course related to her alleged violation, despite already being terminated. This underscores the arbitrariness and inconsistency of Defendants' actions.
19. A terminal manager later informed Plaintiff that key aspects of her employment agreement were either untrue or not followed in practice at the terminal, demonstrating further bad faith on the part of Defendants.

**C. Wage Withholding and Misclassification**

20. In 2024, Defendants failed to pay Plaintiff for two months, despite her repeated demands for payment. This wage withholding caused significant financial hardship for Plaintiff and her family.
21. Defendants misclassified Plaintiff as an independent contractor while exerting employer-level control over her work, including:

a. Requiring her to use STG's communication and tracking systems.
b. Controlling scheduling and dispatch assignments.
c. Imposing strict procedural compliance requirements.
d. Enforcing mandatory training courses beyond DOT requirements.

22. Defendants financially benefited from this misclassification, avoiding employer obligations while retaining complete control over Plaintiff's work.

**D. Discrimination Based on Race and Gender**

23. Plaintiff was the only Black female owner-operator at her terminal, a fact well known to Defendants.
24. Throughout her tenure, Plaintiff was subjected to disparate treatment compared to her non-Black and male counterparts, including:

a. Receiving less favorable assignments and fewer opportunities for high-revenue routes.
b. Being subjected to heightened scrutiny and more severe disciplinary actions.
c. Facing dismissive and hostile treatment from supervisors and terminal managers.

25. Defendants failed to provide Plaintiff with the same level of support, resources, and communication extended to other owner-operators, thereby creating a hostile work environment.
26. Plaintiff's termination under the alleged "50-point" policy was pretextual and motivated by discriminatory animus. Similarly situated non-Black and male owner-operators were not terminated for comparable or more severe infractions.

### E. Emotional and Financial Devastation

27. Plaintiff's termination left her family in dire financial straits, as her income was their sole source of support following her husband's layoff.
28. The emotional toll of Defendants' actions has been profound, leaving Plaintiff humiliated, anxious, and struggling to rebuild her life and career.

## V. CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

29. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
30. Under South Carolina law, a plaintiff must prove:
    a. The existence of a valid contract;
    b. A material breach by the defendant;
    c. Damages resulting from the breach.
31. Plaintiff and Defendants entered into a binding Independent Contractor Operating Agreement governing their work relationship. Article 21(A) of the agreement required Defendants to provide thirty (30) days' written notice prior to termination. Defendants failed to provide any such notice and instead terminated Plaintiff abruptly via text message.
32. Defendants also wrongfully withheld Plaintiff's escrow funds beyond the contractual timeframe.
33. Defendants' actions constitute a material breach of contract, resulting in Plaintiff suffering lost wages, delayed compensation, and significant financial hardship.

### COUNT II – FRAUDULENT MISREPRESENTATION

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
35. Defendants falsely represented that a "50-point termination policy" existed when no such policy had been established prior to Plaintiff's termination.
36. Plaintiff suffered damages in the form of lost income, wrongful termination, and emotional distress.

## COUNT III – UNJUST ENRICHMENT

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
38. Defendants financially benefited from misclassification and wage withholding, avoiding standard employer costs while maintaining control over Plaintiff's labor.
39. Retaining these funds and misclassifying Plaintiff constitutes unjust enrichment, entitling Plaintiff to full restitution and damages.

## COUNT IV – RETALIATION

40. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
41. Plaintiff engaged in a protected activity by repeatedly demanding wages that were wrongfully withheld in 2024.
42. Defendants terminated Plaintiff via text message under a fabricated "50-point" policy, which was not included in any written policies prior to her termination.
43. A causal link exists, as Defendants failed to provide any proof of the policy, and STG's history of retaliatory conduct suggests Plaintiff was targeted for asserting her rights.

## VI. DAMAGES AND RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Lost wages and income in an amount to be determined at trial.
2. Return of all escrow and maintenance funds unlawfully withheld.
3. Compensatory damages for emotional distress, financial hardship, and the discriminatory and retaliatory treatment Plaintiff endured.
4. Punitive damages due to Defendants' willful, malicious, and discriminatory conduct.
5. Attorney's fees and costs.
6. A declaratory judgment stating that Defendants' actions violated Plaintiff's contractual and legal rights.
7. Such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

**/s/ Jasmin Waites Parker** Jasmin Waites Parker
ATTORNEY FOR PLAINTIFF
The Law Office of J.W. Parker
jasmin@jwparkerlaw.com
SC Bar Number 105567 (843) 240-8943